UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OMAR T. MUHAMMAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRENDEN BROWN, )<br>)<br>Defendant. ) | No. 4:24-cv-00634-RWS |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Omar T. Muhammad to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $1.70. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court will order the Clerk of Court to issue process as to defendant Brenden Brown in his individual capacity.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his certified inmate account statement as required by 28 U.S.C. § 1915(a)(2). Based on this information, the Court determines his average monthly deposit is $8.50. The Court will charge plaintiff an initial partial filing fee of $1.70, which is twenty percent of his average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging defendant Sgt. Brenden Brown violated his constitutional rights by using excessive force in an attempt to persuade plaintiff to end his hunger strike. Plaintiff sues defendant in both his individual and official capacities.

Plaintiff is incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. He states in May, 2023, he was under observation and housed in the Transitional Care Unit at PCC. He was on a hunger strike and had missed more than 42 meals. Plaintiff states that on the date of the incident he felt dizzy and light-headed and that he passed out. When he regained consciousness, he had been rolled over onto his stomach and fully restrained.

Plaintiff alleges that he woke up and saw a brown paper towel with a small white cloth in it saturated in ammonia. This was being held against his face, presumably to help him regain consciousness. Plaintiff yanked his head back to show that he was responsive. As he yanked back, he felt the ammonia hit his face again. "Then [Brown] beg[a]n to suffocate me with the ammonia. As I yelled I can't breathe, I can't breathe I heard a voice say shut up and break your damn hunger strike." Plaintiff fought until he could breathe and until Brown got off of him. Plaintiff saw Sgt. Philley standing over him, and asked Philley why he tried to suffocate him with the ammonia. Sgt. Brown stated "that wasn't him that was me. Stop being an asshole and break your damn hunger strike."

Plaintiff states that his head and face were bruised after the incident, and he did not receive any medical treatment. For relief, he seeks $750,000 in damages and requests to be moved to another prison because he fears retaliation.

**Discussion**

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Plaintiff alleges that he had passed out in the TCU and when he regained consciousness, he was fully restrained and Sgt. Brown was attempting to suffocate him with an ammonia strip in a paper towel. Viewing the facts in the light most favorable to plaintiff, the Court finds that plaintiff has stated a plausible claim of excessive physical force in violation of the Eighth Amendment against Sgt. Brown. The Court will issue service on Sgt. Brown in his individual capacity.

The Court will dismiss without prejudice plaintiff's claims brought against Sgt. Brown in his official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). To prevail on an

official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged any liability on the part of the Missouri Department of Corrections or the State of Missouri, and therefore the Court will dismiss plaintiff's official capacity claims.

Additionally, "[s]ection 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be

complex. The Court may consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.70 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the complaint pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Brenden Brown in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendant Brenden Brown in his official capacity are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(b).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 2]

An Order of Partial Dismissal will accompany Memorandum and Order.

Dated this 9th day of May, 2024.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE