UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OMAR T. MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24 CV 634 RWS |
| | ) |
| BRENDAN BROWN, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

Plaintiff Omar T. Muhammad filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendant Sgt. Brenden Brown violated his constitutional rights by using excessive force in an attempt to persuade Muhammad to end his hunger strike. Brown moved for summary judgment. Because the undisputed facts in this case establish that Brown did not violate Muhammad's constitutional rights, I will grant Brown's motion for summary judgment.

### *Background*

Plaintiff Muhammad is incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. He alleges in his complaint that in May 2023, he was under observation and housed in the Transitional Care Unit (TCU) at PCC. He was on a hunger strike and had missed more than 42 meals. Muhammad alleges that on the date of the incident he felt dizzy and light-headed and that he passed out. When

he regained consciousness, he had been rolled over onto his stomach and fully restrained.

Muhammad alleges that he woke up and saw a brown paper towel with a small white cloth in it saturated in ammonia. This was being held against his face, presumably to help him regain consciousness. Muhammad yanked his head back to show that he was responsive. As he yanked back, he felt the ammonia hit his face again. "Then [Brown] beg[a]n to suffocate me with the ammonia. As I yelled I can't breathe, I can't breathe I heard a voice say shut up and break your damn hunger strike." Muhammad alleges that he "fought" until he could breathe and until Brown got off of him. Muhammad saw Sgt. Philley standing over him, and asked Philley why he tried to suffocate him with the ammonia. Sgt. Brown stated "that wasn't him that was me. Stop being an asshole and break your damn hunger strike."

Plaintiff states that his head and face were bruised after the incident, and he did not receive any medical treatment. For relief, he seeks $750,000 in damages and requests to be moved to another prison because he fears retaliation.

On June 17, 2025, Brown filed a motion for summary judgment. In support of his motion Brown submitted a Statement of Uncontroverted Material Facts and his affidavit. In both documents Brown states that under the direction and supervision of a prison staff nurse, Jennifer Cain, he was instructed to waive an

2

ammonia facial tissue in front of Muhammad's nose to revive him. Muhammad was placed in wrist and leg restraints and Brown brought the ammonia tissue close to Muhammad's face. Muhammad was revived. Brown asserts that he did not make contact with Muhammad's face. Muhammad remained in the TCU after he revived and remained under medical supervision. The statement of facts asserts that Muhammad did not sustain any physical injuries from the incident.

In his deposition Muhammad testified that his head was held during the incident and that he shook his head for approximately 10 seconds trying to avoid the ammonia cloth. [ECF # 44 at 37] He testified that he did not sustain a physical injury from the incident. [ECF # 44 at 41] However, he also testified that a couple of days after the incident he began to lose his sense of smell. [ECF # 44 at 41-42]

On July 1, 2025, I issued an order directing Muhammad to file a response to the motion for summary judgment, including a response to Brown's Statement of Uncontroverted Material Facts, no later than August 1, 2025. As of today's date, more than six weeks after I issued my order, Muhammad has not complied with that order or filed any response to Brown's motion.

### *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to

3

any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

Muhammad's complaint is based on a claim of excessive force by a correctional officer.

The United States Court of Appeals for the Eighth Circuit has stated that:

> After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. What constitutes the 'unnecessary and wanton infliction of pain' varies based on the alleged constitutional violation. For an excessive-force claim, whenever prison officials stand accused of using excessive physical force ... the core judicial inquiry is ...

4

> whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In conducting this inquiry, we focus on such factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted.

Stewart v. Precythe, 91 F.4th 944, 949 (8th Cir. 2024) (internal quotations and citations omitted). A de minimis use of force that causes "no discernible injury" is almost never excessive. Richardson v. Duncan, 117 F.4th 1025, 1029 (8th Cir. 2024). See also Hudson v. McMillian, 503 U.S. 1, 9–10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (internal quotation and citation omitted).

In an analogous pretrial detainee case under the 14th Amendment Due Process Clause a prisoner, who was revived by a nurse with an ammonia inhalant, claimed that the nurse hit him in the nose with a blow like a "karate hit" while administering the inhalant. Jackson v. Buckman, 756 F.3d 1060 (8th Cir. 2014). The Eighth Circuit noted that "[a]n official's use of force does not amount to punishment in the constitutional sense if it is but an incident of some other legitimate governmental purpose." Id. at 1067. (internal quotation and citation omitted). The court held that the nurse's act of hitting the prisoner's nose was a de minimis use of force that was not actionable under the Due Process Clause. Id. at

5

1068. Muhammad's use of force claim is based on the legitimate use of an ammonia tissue, as instructed by a prison nurse, to revive Muhammad. Any incidental contact with Muhammad was a de minimis use of force that is not actionable under the Eighth Amendment.

Moreover, Muhammad has failed to respond to Brown's motion for summary judgment and has specifically failed to respond to Brown's Statement of Uncontroverted Material Facts. Under E.D.Mo. Local Rule 4.01(E), "All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Because Muhammad failed to oppose Brown's uncontroverted facts, all of the facts Brown submitted are deemed admitted. Those facts establish that Brown, under the medical supervision of a nurse, held an ammonia tissue to Muhammad's face to revive him after Muhammad passed out apparently as a result of his participation in a hunger strike. The tissue was removed after Muhammad was revived. Brown did not make any contact with Muhammad's face. Muhammad did not sustain any physical injury from the encounter. In his complaint and in his deposition Muhammad asserts that he lost his sense of smell a couple of days after the incident. However, Muhammad has not submitted any medical evidence in support of his claim that he lost his sense of smell or that connects his exposure to the ammonia tissue to his

alleged loss of smell.  As a result, Muhammad has failed to provide any evidence that would support an excessive use of force claim and Brown is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Brendan Brown's motion for summary judgment [40] is **GRANTED**.

A separate judgment is issued this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2025.